David D. Lin (DL-3666)
david@iLawco.com
Justin Mercer (JM-4514)
justin@iLawco.com
LEWIS & LIN, LLC
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326

*Counsel for Plaintiff Creative CitiGroup, Inc.*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

| | |
|---|---|
| CREATIVE CITIGROUP, INC., *Plaintiff*, v. CITIGROUP INC., *Defendant*. | Civil Action No: CV 13-4513 GLEESON, J. **COMPLAINT FOR DECLARATORY RELIEF** GOLD, M.J. |

Plaintiff CREATIVE CITIGROUP, INC. ("Plaintiff" or "CCI"), by and through its undersigned counsel, for its declaratory judgment complaint against defendant, CITIGROUP INC. ("Defendant"), alleges as follows:

**STATEMENT OF CASE**

1. Plaintiff brings this action pursuant to 15 U.S.C. § 1114(2)(D)(iv)-(v) and 28 U.S.C. § 2201 for a judgment declaring that its use of the internet domain name, <creativecitigroup.com> (the "Domain Name") in connection with its business does not infringe upon Defendant's trademark rights or is otherwise unlawful under the Anti-cybersquatting Consumer Protection Act or Lanham Act, and preventing the transfer of the Domain Name to Defendant, which was ordered in an administrative panel decision issued August 1, 2013, under the Uniform Domain Name Dispute Resolution Policy

("UDRP") in a proceeding captioned *Citigroup Inc. v. Creative Citygroup Inc.*, NAF Case No. FA1306001504889.

## PARTIES

2. Plaintiff, Creative CitiGroup, Inc. ("CCI"), is a New Jersey corporation, having its principal office and place of business at 1141 Edgewater Avenue, Suite 2, Ridgefield, New Jersey 07657.

3. Upon information and belief, defendant, Citigroup Inc. ("Defendant"), is a Delaware corporation, having its principal office and place of business at 399 Park Avenue, New York, New York 10043 and is transacting business in the State of New York and in this judicial district.

## JURISDICTION AND VENUE

4. This Court has jurisdiction over the subject matter of this trademark declaratory judgment action pursuant to 28 U.S.C. §§ 1331, 1338(a), the Lanham Act, 15 U.S.C. § 1051 *et seq.*, and pursuant to U.S.C. §§ 2201(a) and 2202.

5. This Court has jurisdiction over Defendant because Defendant is qualified to do business in the State of New York, and, upon information and belief, Defendant transacts and solicits business within this judicial district.

6. Additionally, this Court has personal jurisdiction over Defendant because Defendant expressly and voluntarily agreed to submit to the jurisdiction of this Court when it initiated an administrative proceeding pursuant to the UDRP concerning the Domain Name. Specifically, Defendant voluntarily and expressly agreed in its UDRP complaint to submit to the jurisdiction of the registrant, as listed on the registrar's WHOIS database, in connection with any legal action in any way related to the UDRP proceeding. The address listed for the registrant is 37-17 Union Street, Flushing, NY 11354.

7. Venue is proper in this judicial district under 28 U.S.C. §§ 1391(b) and (c) and 1400(a).

## FACTUAL ALLEGATIONS

8. Plaintiff CCI is a full-service, tradeshow exhibit management company and has been in business since 2008.

9. Plaintiff designs custom exhibits and large-format graphics to service a wide range of commercial clients, including, but not limited to, telecommunication firms, electronics manufacturers, beverage distributors, architects, mechanical engineers and toy makers, for display a tradeshows.

10. Plaintiff delivers custom designed and fabricated exhibits, created on a client-by-client basis and installed by Plaintiff on the tradeshow floor.

11. Plaintiff is commonly know as CREATIVE CITIGROUP, INC. and uses its entity name on its business cards, invoices and bankcards in connection with its tradeshow exhibit management and tradeshow marketing services.

12. On or around early 2008, Plaintiff registered the domain name <creativecitigroup.com> (the "Domain Name") to create a website in connection with and as a good-faith continuation of its entity name, CREATIVE CITIGROUP, INC. Plaintiff's created and uses its website to permit past clients, potential clients and referrals to learn more about its tradeshow exhibit management and tradeshow marketing services.

13. Upon information and belief, Defendant is the owner of a trademark registration that includes the word "citigroup," U.S. Registration No. 2,406,753 for "[insurance and] financial services; banking services; credit card services; securities trading, consulting and underwriting services; investment services" ("Defendant's trademark").

14. Upon information and belief, Defendant does not engage in tradeshow exhibit management or tradeshow marketing services.

15. On or about June 14, 2013, more than four years after Plaintiff began business and registered the Domain Name, Defendant submitted a complaint to the

National Arbitration Forum ("NAF"), pursuant to the Uniform Domain-Name Dispute Resolution Policy, alleging that the Domain Name infringed upon Defendant's trademark (the "UDRP Complaint").

16. In the UDRP Complaint, Defendant sought transfer of the Domain Name from Plaintiff to Defendant.

17. On or about August 1, 2013, the NAF panel decided in favor of Defendant and ordered the transfer of the Domain Name from Plaintiff to Defendant.

18. Plaintiff has a real and reasonable apprehension of litigation based on Defendant's statements and conduct. Moreover, Defendant's claims of trademark infringement in the UDRP Complaint, and the NAF's subsequent decision to transfer the Domain Name to Defendant, have created an actual, substantial and justiciable controversy between Plaintiff CCI and Defendant concerning the right of CCI to continue to use the Domain Name and conduct its tradeshow exhibit management and tradeshow marketing business.

## FIRST CLAIM FOR RELIEF

### REVERSE DOMAIN NAME HIJACKING
### UNDER 15 U.S.C. § 1114(2)(D)(iv)-(v)

19. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 18, with the same force and effect as if set forth in detail herein again.

20. Plaintiff's Domain Name has been locked beyond Plaintiff's full enjoyment of the benefits of registration thereof in consequence of the statements made by Defendant in the UDRP Complaint and its applicable dispute policy. The Domain Name has been ordered transferred, and would be transferred to Defendant but for this action.

21. Plaintiff has provided Defendant with notice of this action.

22. Plaintiff has suffered damages as a result of Defendant's conduct.

4

23. Plaintiff has incurred costs, including without limitation, attorney's fees and court costs, in seeking to prevent the transfer of the Domain Name.

## SECOND CLAIM FOR RELIEF

### DECLARATORY JUDGMENT FOR NON-INFRINGEMENT OF TRADEMARK 15 U.S.C. § 1132(a)

24. Plaintiff repeats and incorporates herein by reference each and every one of the allegations contained in paragraphs 1 through 23, with the same force and effect as if set forth in detail herein again.

25. Defendant has claimed that Plaintiff's use of the Domain Name constitutes trademark infringement, has filed a UDRP Complaint with the NAF concerning same, and has caused the NAF to order the transfer of the Domain Name to the Defendant.

26. An actual, present and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff CCI's right to use the Domain Name in connection with its tradeshow exhibit management and tradeshow marketing business.

27. Plaintiff seeks declaratory judgment from this Court that its use of the Domain Name in connection therewith does not constitute trademark infringement.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

28. Enter declaratory judgment, pursuant to 15 U.S.C. § 1114(2)(D)(iv)-(v), that Plaintiff is entitled to registration, ownership and use of the Domain Name <creativecitigroup.com>;

29. Enter declaratory judgment, pursuant to 28 U.S.C. § 2201, that Plaintiff's registration the Domain Name <creativecitigroup.com> is lawful and does not infringe on any trade or service mark right that the Defendant may claim;

30. Award damages according to proof at trial but in an amount not less than $100,000.00;

31. Award Plaintiff reasonable attorney's fees, costs and disbursements in this civil action, pursuant to § 35 of the Lanham Act, 15 U.S.C. §§ 1114(2)(D)(iv)-(v) and 1117; and

32. Enter such other and further relief to which Plaintiff may be entitled as a matter of law or equity, or which the Court determines to be just and proper.

Dated: Brooklyn, New York
August 9, 2013

LEWIS & LIN, LLC

By: */s/ Justin Mercer*
David D. Lin, Esq. (DL-3666)
Justin Mercer, Esq. (JM-4514)
45 Main Street, Suite 608
Brooklyn, NY 11201
Tel: (718) 243-9323
Fax: (718) 243-9326
Email: david@iLawco.com
justin@iLawco.com

*Counsel for Plaintiff*